**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ERNESTO JOSE GUTIERREZ VILLATORO,**
**#A-208270929,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv692**

**JEFFREY CRAWFORD,**
***Farmville Detention Center*,**

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office,***

**Respondents.**

# REPORT AND RECOMMENDATION

Petitioner Ernesto Jose Gutierrez Villatoro ("Petitioner" or "Villatoro") brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), against Respondents Jeffrey Crawford, of the Farmville Detention Facility, and Robert Guadian, Director of the United States Immigrations and Customs Enforcement Washington Field Office ("ICE"), challenging the legality of his immigration detention. Petitioner alleges Respondents violated the Immigration and Nationality Act ("INA") by applying 8 U.S.C. § 1225(b) instead of 8 U.S.C. § 1226(a) to his case and unlawfully mandating his continued detention without a bond hearing. Id. ¶ 13 (ECF No. 1, at 6). Respondents filed their Opposition, (ECF No. 8), arguing that Petitioner should be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he is an "applicant for admission," but also noting that Villatoro had already received a bond hearing before an immigration judge ("IJ"). Declaration of Michael Coles ¶ 17 (ECF No. 8). The IJ detained Villatoro, first asserting a lack of jurisdiction but also making an alternative finding that he was a danger to the community.

Id.; Order of the IJ (ECF No. 8-2). Villatoro responded to the filing. Pet'r's Resp. to Resp'ts' Opp. ("Pet'r' Opp'n") (ECF No. 11, at 1-2). He did not dispute having previously had a bond hearing, but claimed he needed to obtain release to "clear [his] name" of criminal charges he claimed would warrant his release. Id. After review of the filings, and for the reasons explained below, the undersigned recommends that the court DISMISS the Petition as moot, as a result of Villatoro's previously held bond hearing.

## I. FACTUAL BACKGROUND

Villatoro is a 25-year-old native and citizen of El Salvador currently detained at the Farmville Detention Center in Virginia. Decl. of Michael Coles ("Coles Decl.") ¶¶ 3, 5 (ECF No. 8-1, at 2). Following Petitioner's arrest and prosecution on various state charges, including felony drug possession, assault and battery, grand larceny, and identity theft, Petitioner was taken into civil immigration custody and eventually detained at the Farmville Detention Facility. Coles Decl. ¶¶ 9-15, 23.

Villatoro's Petition challenges his detention, arguing ICE impermissibly applied 8 U.S.C. § 1225. Accordingly, using a form petition, with handwritten additions, he seeks an Order releasing him, or in the alternative, providing him with a bond hearing pursuant to 8 U.S.C. § 1226(a). Pet. (ECF No. 1, at 8-12). Respondents filed their Opposition to the Petition, arguing Villatoro's Petition is mooted by his prior discretionary Detention Order. Resp'ts' Opp. (ECF No. 6). When Villatoro's immigration proceedings resumed following his arrest, Villatoro was granted a bond hearing which took place on May 29, 2026. Coles Decl. ¶ 17. At the hearing the Immigration Judge denied bond—first citing the lack of jurisdiction but also making an alternate finding that even if jurisdiction existed Villatoro would be detained as a danger to the community. Id. Villatoro's response does not dispute these allegations, but he nevertheless opposes the

Government's filing. Although Villatoro seeks release, his response does not address the Government's mootness argument, instead reiterating that he needed to be released to "clear [his] name." Pet'r's Resp. (ECF No. 11, at 1-2).

## II. ANALYSIS

### A. Villatoro's previous detention hearing renders the claims in his present petition moot.

When a petitioner has already received a discretionary bond hearing, petitions requesting the same relief—another bond hearing—are typically rendered moot. See Hossain v. Lyons, No. 1:25-cv-1841 (E.D. Va. Nov. 20, 2025) (ECF No. 21) (finding that an Immigration Judge's prior denial of bond rendered the petitioner's § 2241 petition moot because the petitioner "has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge"); Pabon v. Crawford, No. 3:26-cv-230, 2026 WL 1494463, at *3 (E.D. Va. May 28, 2026) ("[B]ecause Petitioner has already received a bond hearing, the Court need not determine whether he is being held pursuant to 8 U.S.C. § 1225(b) or § 1226(a)."); Sidelemine v. Crawford, No 3:26-cv-281, 2026 WL 1195850, at *2 (E.D. Va. May 1, 2026) (finding a § 2241 petition moot because the petitioner already received a discretionary bond hearing, at which the Immigration Judge denied bond). This is so even when, as here, the Immigration Judge makes the detention determination as an alternative holding. See Hossain, No. 1:25-cv-1841 (ECF No. 21 at 3) (noting Immigration Judge denied bond on alternative finding). Because Petitioner has already received a bond hearing, he has obtained the relief available in this court.

To the extent Villatoro's pleadings are devoted not to the question of bond, but to the BIA's decision to remove him, this court lacks jurisdiction under 8. U.S.C. § 1252(g) to review those claims. See Pet., (ECF No. 1, at 7); Pet'r's Resp. (ECF No. 11, at 2). Congress has established that federal district courts lack jurisdiction to review collateral attacks on removal. See Joshua M.

v. Barr, 439 F. Supp. 3d 632, 666-68 (E.D. Va. 2020) (noting that district courts have a "limited" "ability to review habeas petitions challenging removal orders"). Instead, Petitioner must directly appeal a BIA determination in one of the federal courts of appeal. See, e.g., id.; Igwebuike v. Caterisano, 230 F. App'x 278, 281 (4th Cir. 2007). Accordingly, this court cannot resolve Petitioner's claims seeking asylum, cancellation or withholding of removal. Doe v. Mayorkas, No. 120-cv-618, 2021 WL 2336596, at *5 (E.D. Va. June 7, 2021).

## III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends the court DISMISS Villatoro's petition as moot, and VACATE that portion of the court's prior Order (ECF No. 5) directing that Petitioner not be relocated. The hearing already conducted for Petitioner assessed the Government's interest in his future appearance. See 8 C.F.R. § 236.1; In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006) ("In general, an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."). Accordingly, his petition has been rendered moot by the IJ's findings during that hearing.

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A

party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

September 4, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Ernesto Jose Gutierrez Villatoro**
**A#208270929**
**Farmville Detention Center**
**P.O. Box N**
**Farmville, VA 23901**

and an electronic copy was provided to:

**Kirstin O'Connor**
**DOJ-USAO**
**2100 Jamieson Ave.**
**Alexandria, VA 22314**

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

September 4, 2026